v. Gibson . May it please the court. Your honors, we're here today because of a misinterpretation that threatens the meaning of veteran benefit statutes put in place to guard against this very type of misjustice. The true issue is whether Mr. Williams, my client, was required to apply for a psychiatric disorder to be awarded for PTSD. And the answer is no. And when worded that way, the secretary won't argue otherwise, but that's exactly what the board concluded. We know this because of their fruits. You say that's what the board concluded. Did they say he had to specifically mention PTSD? Yes. Is that what they said? That's what they concluded in their discussion. Yes, your honor. And it's in the joint appendix, page 19. Their entire decision was summed up in one paragraph. It's the second full paragraph from the top. And it's in the joint appendix, page 19. It starts with the board concludes. And it's very clear. They summed up their entire decision in six sentences, three of which directly contradict the secretary. The other three just complement the first three. Which sentence is it that you, I guess I'm having trouble understanding how you're reading this. The first sentence, the board concludes Mr. Williams is not entitled to an early effective date. The second sentence says why? Because he didn't have an application for a psychiatric disorder despite having that evaluation. There's no formal or informal claim for service connection for any psychiatric disorder of record prior to March 12, 2003. So they found that there wasn't a formal or informal claim for a psychiatric disorder. Correct. And you're saying that the submission say in 1985 in which the doctor says this guy is showing emotional distress and so on is in effect a psychiatric claim. It could be. And I'm not here arguing those facts and whether they weighed this or that or interpreted anything. I'm just going by exactly what they said. They use the phrase informal claim and the board and the veterans court have always understood that informal claim means you don't have to use magic words. So they clearly don't say he had to have claimed PTSD. They say there's no formal or informal claim for any psychiatric disorder. Now the only thing you point to as it relates to something that might have been a hint of a psychiatric disorder comes six years after the effective date you're seeking. Well that was your honor's 1985 example. Alright, what in the 1979 submission where he makes a claim for head injury and foot injury, what in that medical record indicates that there would be an informal claim for psychiatric disorder? There's something wrong with my head. That's what he claimed. Yeah, he said he got hit in a car accident. Well that was one thing that happened to him. And sure he's not a doctor and he's not bound by of course his theory of what happened. That was something that happened to him. And of course they did their neurological evaluation and said there's nothing neurological wrong with him. Is PTSD a neurological disorder? Is it psychological? That was their basis. But again I'm not really saying what was there, what was there, what was argued, what they weighed, how they came to what they did as a finer fact. I'm very aware and respectful of their jurisdiction. But that paragraph, we can only go by what they say in their words. And in their words, those six sentences, they use three to describe exactly why they denied. And all three of them point… But that wasn't an informal claim made. They point to a lack of an application for a psychiatric disorder. If at least 85 is an informal claim. I'm not talking about the facts that are raised in it. I'm saying that as a matter of law, if you say, if a doctor says this guy's stressed out in a medically significant way, as a matter of law, is that an informal claim? And if it is, at least do you then go back to 85? Absolutely. And that's a legal question you're saying? Well, that's certainly a question for the board and I would like a chance to ask that question. But the question here is whether they misinterpreted their statute. And I'm saying clearly, yes, that fourth sentence in that same paragraph, the fourth sentence, lets us very… Are you talking about as applicable regulations dictate? Is that the sentence? Yes, yes. But it says… It lets us into their mind. We get to understand exactly what they're thinking when they're deciding… So what do they mean by the word informal claim then? Are you saying that they are saying that you can only make an informal claim if you use the phrase psychiatric disorder? I don't know what they're saying. I can only go by what they said. And what they say is you can't have an earlier effective date because you didn't have an application for a psychiatric disorder. But the word application is not in here. The claim, application. And claim says formal or informal claim. That's clearly encapsulated. So they say you can't get an earlier service connection if there wasn't either a formal or an informal claim. And the word informal claim, as far as I know, has always been understood to include putting forward in the record facts sufficient that they should have been on notice that the veteran had that issue. So I don't understand how there's an interpretation issue here. As applicable regulations dictate, they start the sentence exactly how I would like them to do, galvanizing your jurisdiction. This is how they look at the regulations that govern effective dates. And they say the way we see this regulation, the way we interpret it, you shouldn't have an effective date anything earlier than May, March 12, 2003. That date is important because that's the date Mr. Williams formally applied for PTSD. But what they say is we see the regulation as saying that you have to have either a formal or informal claim for a psychiatric disorder. That's what they're saying about the regulation. Then they subsequently say, then we look to see if you had an informal claim and we don't find one, as a matter of fact, in the record. But that's not what they're saying. What their words say, and that sentence sums up their attitude throughout the entire decision, and their attitude is clear. You have a July 2001 effective date. The way we see the regulations, the way we interpret it, it should have been March 12, 2003. So anything earlier than that 2003 is just good news for you. You should be happy that you have any date prior to this 2003 because the way we see it, you don't deserve anything before that 2003, 2003, 2003. It keeps coming up. And that's the date he formally applied. And they're clear. Stop coming back asking for more for an earlier effective date. The one you have right now, we don't think you should even have. And they stop short of asking for a thank you note from him. I mean they're really certain in their attitude, and that same attitude, it carries over into the veteran court decision. They have five of the same similar references. It carries over into the secretary's argument on his brief, saying that this is meritless. The fact that he would even try to ask for an earlier effective date when you didn't have a formal application in for this PTSD at all. We can only go by what they say. Yes, we can only go by what they say. So are you telling me that they used the word informal claim, but then they read it out of the regulation? What I'm saying is they could have satisfied the requirements to make this proper. They could have said many things. They had six sentences. They chose three to specifically talk about a lack of an application for a mental disability. They could have said, Mr. Williams, you're not entitled to an earlier effective date because in 1980 you didn't have PTSD. The fact of an application is a fact, but the definition of an application is what? Yes. They were required under law, 1154A, to consider, not just consider, give due consideration, obligated to give due consideration to facts, places, circumstances. That's further described in the Clemens holding where it says you have to talk about, you have to consider symptoms, descriptions. They could have done any of this in their decision. They could have taken these descriptions of the symptoms and said, hey look, you had headaches, you had hyperventilation syndrome, you had overdose, you had occupational impairment, social impairment, you had all these things. I might well completely agree with you. I think you're making a great point, but that's the point that's not within our jurisdiction. I think they let us into your jurisdiction with that sentence. It's applicable regulations dictate. This is how we look at these regulations. The way we see it, March 12, 2003 should have been your effective date. You have an earlier one, you better take it and run. Stop coming back asking for an earlier effective date because you don't deserve the one that you have right now. The way we see it. This is how they look at the regulations. That is certainly within your jurisdiction. I still can't, the effective date you asked for was 1979 and your view is that the phrase head injury in and of itself is enough to constitute an informal claim. No, your honor. There's problems on both sides and I'll admit that. I'm not here arguing for reversal saying that we know that this is his effective date. I do believe he's entitled to an earlier one, but what I'm here arguing is that the method in which they went, how they interpreted this statute, is just absolutely improper is what I'm saying. If they really believe that he's not entitled to an earlier effective date, let them do it properly. Veterans, if nothing else, have earned the right to have a denial be proper. This one was not. Would you like to take the remaining time for rebuttal? Sure. Mr. Bruskin. May it please the court. I'd like to start, I think, by going through. Let me start. On the first page of the Veterans Court of Appeal, page 3 of the joint appendix, it says, a January 1979 report of medical examination evaluated Mr. Williams as psychologically normal. Where is it in the joint appendix that can find support for that statement? And let me give you my concerns. One, how can it be reconciled with other medical evidence from the same month on page 41 of the joint appendix that he had been hospitalized for an overdose, that rehabilitative efforts have not proved to be beneficial, and he does not have the psychological resources for coping with his problems. The language at page 47 of the joint appendix from his commanding officer. And then, within the same answer, on page 21 of the government's brief, it basically challenges this. It says, the board found no evidence of any mental health problems or symptoms during this period. And then on page 20, it says, Mr. Williams does not identify how the board purportedly ignored its duties under 1154A and 5107B, such as by identifying evidence that the board improperly ignored. And it seems to me you're challenging us to identify evidence that's been improperly ignored there. And you opened a door, at least in this argument, about, for example, the 1984 evidence from Dr. West, which I referred to with your opposing counsel, that he suffered from these symptoms, all of which caused him to be hypersensitive, resulting in emotional instability. So, this is pre-PTSD. And when you get to the acceptance of PTSD and its development within the VA, this sort of stuff all of a sudden starts flashing lights, saying, ooh, this is PTSD. So, having that in there, and you having challenged this... The statements in our brief were not a challenge to the court. They were identifying that Mr. Williams did not specifically identify evidence in the record that the board or the Veterans Court improperly discounted because it did not relate to a claim for a psychiatric disorder. That is what I understand to be the legal argument. Mr. Williams analogizes this case to Gardin v. Shinseki, where there was an additional rule put in place that was outside of the regulation. What he's saying here is that the Veterans Court and the board applied this improper additional rule, and that in doing so, they then discounted evidence or ignored evidence improperly. He doesn't identify what evidence... He's got that evidence in the record. Except that evidence is in the record, but there's no indication that the board or the Veterans Court ignored that evidence, simply because they came to the factual conclusion... They say there's zero, no evidence. Are you saying that that implies that they looked at it and said, it's not evidence? I'm saying that their conclusion was that that was not sufficient evidence of a mental health disorder, sufficient to raise an informal claim, and there's no... I'm going to quote again. The board found no evidence of any symptoms. That is a factual conclusion that the board came to, to the extent that... As it relates to the 1979-1980 timeframe, right? Correct. That is what I understand to be the claim here. Maybe I'm a little confused. I thought it was the 1980 claim for pulmonary and heart conditions that Mr. Williams was saying was the date, or the claim that raised the informal claim. That's why I asked your opposing counsel about 1984. Because that's in there too, and it's a separate submission, and it has to be something the VA considers. Is it not? True, yes. And the VA did consider it. I think my statement in the brief was essentially that he doesn't identify the evidence that was improperly discounted, to the extent that you disagree with their conclusion as to whether or not the indications of depression in the record were raised to the level of a mental health symptom sufficient to raise an informal claim. That, I would say, is outside of this court's jurisdiction to disagree with. The court does have jurisdiction to the extent the board or the veterans court has said, you didn't apply for a mental health disorder. So if a court says there is no evidence, okay, and we are bound to accept as a matter of fact, even though there is evidence, their determination that there is no evidence, isn't that a question of law? I don't believe so. Evidence is no longer evidence within the law. Well, it's an application of the VA's regulations as to what is appropriately considered evidence under this termination, under 38.3155. Yes, but that's a legal question, is it not? No, it's an application of the regulation to the facts that they find. What appropriately considered evidence is a legal question. If it's appropriate. Correct. But that gets down to the question of whether or not they considered it at all. If they considered it applying some rule that doesn't exist. So as long as they say there's no evidence, you say we have to assume that they considered it and determined that that was not really evidence. Yes. I mean, in essence, he's raising a reasons and basis challenge. He's saying that the board failed to appropriately explain their decision. That, again, is a question outside of this court's jurisdiction. So what you're saying is that to the extent that the board looked at things like a claim for pulmonary claims or other physical ailments, that when they said there was no evidence of a psychiatric ailment, their conclusion was that those things did not evidence a psychiatric problem. Correct. And we can look at the Veterans Court decision and the board's decision. They didn't simply say, well, that was a claim for heart and lung condition, so therefore that's not good enough. They looked at the symptoms and whether there were traumatic events. And I point you in the board's decision. And you're including with that the language emotional instability is not indicating any kind of psychiatric. That was their determination. Now, to second-guess that determination would require the court to review the evidence and determine whether it rises to the level that it's sufficient to indicate a mental health disorder or something sufficient that it could constitute an informal claim. That, again, would require a review of the evidence or an application. Can you tell me what does it mean to be an informal claim? In particular, I guess what I'm wondering is if I come in and say I have a head injury and if the evidence submitted indicates mild depression, inability to sleep, whatever, is that an informal claim for PTSD? I know it's a fact-finding, and I know I can't make it. I get all this. I'm just trying to understand exactly what is an informal claim. If the evidence of record points to something, but the veteran hasn't specified that, I suppose it comes in and says I've got a foot injury. And the VA examines him and says, phew, you might have a foot injury, but he's also got a serious psychological problem. Does that VA doctor's acknowledgment of the psychological problem become a claim for, say, PTSD benefits, even though he didn't use any of those words in his claim? Is the evidence enough? Is physician's evidence enough that it suddenly becomes an informal claim? Yes, and that's a great example because in this case, in July of 2001, he went in for an examination of his frostbite injury on his feet, and the examiner said, wow, I think you might have PTSD. You should get a VA psychiatric examination, which he got a week later. The VA actually gave him the effective date of that frostbite examiner's comment that, hey, I think you might have PTSD as his effective date, even though they also found that he didn't actually apply for benefits for PTSD until March of 2003. Well, is that true? I hear everything you're saying. Is there maybe an issue here about the interpretation below of what it means to be an informal claim? Because the way they defined it on JA-18 is not consistent with the way you just defined it, and that would certainly affect the way it was then applied on JA-19. So not talking about the application, but is it possible that the board erred here by starting with the wrong legal understanding of what it means to be an informal claim? I actually think that there was, in the conclusion they reached, in the date they reached, there was an error, but it actually inured to Mr. Williams' benefit because I don't actually believe that this statement by the frostbite examiner would constitute a diagnosis of PTSD. You're not answering my question at all, though. I want to know whether or not I should conclude that they misinterpreted what it means to be an informal claim, a legal question. No, I don't believe you should. Why not? Because on JA-18 they define it, and they don't define it the way you and I just agreed it was. And then on JA-19, how we know they don't define it that way is they don't mention here for sure that evidence in the record giving the VA reason to believe that such an ailment exists could create a claim. They clearly don't define it that way, informal claim. And then when they apply it, it seems quite clear that they're excluding that from the possibility of it being an informal claim. Excluding what? Excluding the notion that when a doctor says you've got hyperventilation, that could constitute an informal claim for PTSD. I am not saying as a factual matter it should or it shouldn't, nor am I saying it's my purview to decide it, but it seems to me that the way they defined informal claim on JA-18 almost makes me believe they concluded that that couldn't constitute an informal claim not on the facts, but as a legal matter on the notion that a doctor's allegation of symptoms alone couldn't constitute an informal claim as a matter of law. That's my concern. On JA-18 they do define what 3.155A says is an informal claim. A communication indicating an intent to apply for one or more benefits, it must identify the benefit sought, such a communication may be by the claimant or his representative. But it doesn't say anything at all about the record could give rise to an informal claim by virtue of the evidence putting the VA on notice of a particular thing sought. It actually says the claim itself has to identify the benefit sought. Ultimately the claim does need to identify that he's seeking benefits for the symptoms that he's suffering, that he's depressed or he has anxiety or whatever, that he's seeking those benefits for those things. He doesn't need to know that that's PTSD or any other psychiatric disorder. It's enough for him to say, I'm having these problems and I'd like some benefits for that. And the VA can go back and say, that was a PTSD claim or some other disorder. They can't say, well you didn't mention PTSD so therefore you don't get anything. But you're saying that an informal claim would still have to be seeking benefits for those particular symptoms? Correct, correct. What if I went in and I was a Veteran and I said, I've got carpal tunnel syndrome. And in the course of talking to my doctor I said, I keep shaking and I can't sleep at night and I've got these other problems. Are you saying that could never be an informal claim because all I said was I was seeking benefits for carpal tunnel syndrome. The only communication I made. No, that absolutely could be because it raises the symptoms, as would be noted in the medical report, of a condition that would then be investigated to determine whether or not it was a compensable psychiatric disorder. Let me take you one other place before you turn around. That is, where is there discussion of benefit of the doubt doctrine, both statutory and case creative? Where do they get that? Where is that discussion? In the determination. I'm not aware of whether it's expressly discussed in the determination. I don't see any. Aren't they required to? They are required to when there is some question of doubt, when it's a close question. Here the determination, the factual determination was that it wasn't. The identification of evidence at this level that Mr. Williams' claim should have resulted in a different conclusion by the board and the veterans court is again outside the court's jurisdiction. Whether or not we can go back and look at that and say, well, in 1984 it looks like he was suffering from some emotional instability and to us perhaps that looks like it raises some question of mental health. No, that's not the question. I'm sorry, I misunderstood the question. The VA, the court, and the board were required to at least apply a benefit of the doubt in his favor. Were they not? They are required to. Where do they say they did that? I'm not aware of where they say they do that, but I'm not sure that I understand where that would have been appropriate in this circumstance where there are factual conclusions or that he did not raise an informal claim. How the benefit of the doubt would have changed that determination based on their review of the evidence. If he had asked for an earlier effective date of 1984 as opposed to, or even 1982 I guess, as opposed to 1979 or 80, would we be having a different discussion? I don't believe so because the board and the veterans court went back to the 1979 application and the medical evidence there and they went step-by-step through each of his applications and all the medical evidence that they had in the record. And so April 1980 is when PTSD was recognized. They don't say, well your 1979 claim wasn't good enough because PTSD wasn't recognized. They go step-by-step through all of the claims that he made, all the correspondence that he submitted and the medical evidence they had. So I don't believe that if he had pegged it to a different claim as having raised the informal claim that the board would have reached a different conclusion, but this court should reach a different conclusion. One more question. I know your time is up, but just indulge me for one second. So on JA-19, that paragraph, I guess I'm still sort of a little bit struggling with this informal claim part. When they say, notwithstanding the diagnosis of PTSD in a VA examination in July 2001, VA outpatient treatment in December 2001, and private treatment in March 2003, there is no formal or informal claim for any psychiatric disorder on record prior to March 12, 2003. Just so I understand, is it, because that's why I gave you the example about I come in complaining about my foot and the doctor says, well he may or may not have a foot problem, but he has a really serious psychological condition. Could that constitute an informal claim? There was no evidence in the record at that time. Is the reason that the board reached this conclusion, was none of this evidence presented? Is that why? No, I think I understand your question now. I think this is a correct statement of the informal claim regulation and their finding. And they went on to say, so therefore we see no reason to give an earlier effective date than the one that he has. No, they actually say we see no reason to give an earlier effective date than March 12, 2003. They actually say that right there. Well, right. But, so, not the one that he has, because he's got 2001. But why? So I'm trying to interpret the board's definition of informal claim and figure out whether they understand as a legal matter how to identify an informal claim when they see one. And so what I'm worried about here is the fact that if they're saying there is no claim, formal or informal, prior to March 12, 2003, despite the fact that this record contains a VA diagnosis of PTSD in 2001, along with treatment and all this other stuff, doesn't that necessarily mean they've decided that all that kind of stuff as a matter of law can't constitute an informal claim? No, because there has to be an intent on the part of the veteran to apply for the benefits sought. Medical evidence alone... You're contradicting yourself. You said if somebody comes in and says, my foot hurts, earlier, and he's in there seeking foot benefits, and the examiner says, as Judge Moore said, I don't know about your foot, but you've clearly got PTSD, that that's an informal claim. What I'm saying, in this case, the VA treated that as an informal claim, but I actually think that was an improper application of the informal claim regulation, but it ignored to his benefit. Because that finding on JA-19 you're discussing is that March 2003 was actually the first formal... Isn't that why we should be concerned, though? The Board actually said that statements like, has obvious episodes of depression and anxiety, and seems very depressed, and a diagnosis of PTSD, that neither one of those things can constitute an informal claim, because they surrounded his claim for frostbite benefits. Because he did not... All there was was the medical diagnosis. He didn't follow it up with a request for benefits at that time. There has to be, an informal claim has to be a communication indicating an intent. That sounds like gotcha. And you're supposed to have a benefit of the doubt. But they didn't play gotcha with him. That's sort of the point I was saying with the July 2001. They say, we recognize you didn't actually... Do you think you answered my original hypo wrongly then, now? I think I misunderstood what you were getting at. Because I'm trying to understand what it means to be an informal claim, and what I was trying to get to the heart of was, if in the record it's really clear that you've got PTSD, even though all you claimed at the time was a foot injury, and if that's all part of the record when they're evaluating whether you're entitled to benefits for your foot injury, should all that stuff in the record nonetheless create a burden on the VA to now accept that evidence as an informal claim for PTSD? Only if there's a pending claim to which those symptoms relate. The VA isn't required to play prognostication. To the extent that there's a claim for a broken wrist, they're not required to know that he's suffering from these other symptoms unless there's medical evidence of those symptoms. But if they do know, they're required to act, are they not? If it relates to the claim. If there is an intent to apply for benefits. If the symptoms that are being claimed relate to that. Does this hypo help you? So I come in, I claim benefit for a foot problem, and while they're doing an evaluation of me, they notice a cracked rib. They do a full body x-ray for some reason, notice a cracked rib. I've made no claim for benefits for a cracked rib. And is your argument, the fact that they identified a cracked rib shouldn't automatically be a claim for veterans benefits. The cracked rib might have happened 20 years after I got out of the service when I tripped on a lawnmower or something. That is correct. So there are a lot of, the fact that the veteran didn't seek, it'd be different if I said, I'm coming in for chest pain, and they noticed a cracked rib. Because then it appears that I'm seeking benefits for something to which that evidence would be relevant even if I don't identify it properly. Right, the question is whether or not the claim reasonably raised the claim for the benefits that are being claimed as informal. So if you came in for a foot injury, and you had a cracked rib, and they diagnosed you with a cracked rib, that date would not constitute an informal claim for that cracked rib. And if I come in with a claim for a foot injury, and while the doctor's looking at my foot, someone slams the door, and I dive to the floor and cover my head and start crying, the doctor looks at me and says, Were you in combat? It looks like you have PTSD. Is that outside the claim? Yes, it would be, because he's showing up with symptoms of a foot injury. He's showing up with symptoms of PTSD. Right, but his claim relates to the foot injury. He's seeking benefits for the symptoms of his foot injury. To the extent that he has PTSD and it's diagnosed in that, then he can go forward and make a claim for that. And that doesn't become an informal claim when the doctor says, This is what happened, this guy has PTSD. Correct, it does not. Medical evidence alone does not constitute an informal claim. Medical evidence submitted can constitute an informal claim under 3.157, that's 38 CFR, for a pre-existing or a service-connected disability, if you're just seeking an increase or you're seeking to change it. But otherwise, you need to actually file something. Let's give Mr. Kelly a chance to have his rebuttal time. Thank you very much. Thank you, Your Honor. The benefit of the doubt wasn't applied because none of the facts ever matter in this case. His effective date right now is July 16, 2001. If we take all this old records, all this in-service, right out of service, 78, 79, take all that cumulative evidence, change the date, move it all the way forward to June 2001, there's not a doubt in my mind that his effective date right now would be June 2001. Inversely, if you take that foot doctor's examination from July 2001, change the date back to 1980, there's not a doubt in my mind his effective date would not be June or 1980. The facts never mattered in this. Nothing ever mattered. It was clear in their attitude throughout this decision, you got an effective date that's better than what we think you should have gotten. The way we interpret our regulations, you should have an effective date of March 12, 2003 because that's the date you formally applied for PTSD. The Board is operating under case law from the Veterans Court, even if we haven't decided some of these issues. In Brannon, the Veterans Court said medical evidence in the record alone is not enough. They said you could have an informal claim in the form of a letter. You can have an informal claim in the sense that you actually make a formal claim that says I'm all confused and I'm having depression problems or psychological problems, but you don't know what your diagnosis is. They said that in those cases, yes, the medical records then can help support a claim for a specific diagnosis. But they said just because there's something in a medical record doesn't mean... The mere presence. The mere presence. We don't have a mere presence here. When they speak of mere presence, they're talking about one medical entry at some point. That's how they describe mere presence. This is not a mere presence here. This is a case where they looked at this and immediately said, you're not getting an early effective date. And then what they did was took their regulations, and that's how they let you all in with the jurisdiction, because they said as applicable regulations dictate, the way we look at and the way we interpret... I still, after all this time, don't understand what your legal argument is. I don't understand it. What is this regulation they misinterpreted? Because the regulation that they go on to describe is the formal and informal claim. That fourth sentence in that paragraph, that wording that they're talking about is the formal and informal claim. That's 5110 and 3.400. What regulation do you believe they've misinterpreted? They've misinterpreted the words informal claim. They misinterpreted the words formal claim. What language and what regulation did they misinterpret? 5110 and 3.400 is this regulation they're describing, that effective date for service connection for a disorder should be the date of receipt of claim or entitlement arose, whichever is later. Then they go on to really let you in on how they interpret that, and that's because they point right to the date of his formal claim and saying the way we interpret this statute, that's when you should have had an effective date. Nothing else before that. You need to have an application for this disorder. Because at no time prior to that, did anything in the record indicate your intent, which is what the regulation requires, an intent to seek benefits for a particular ailment. It actually uses the word intent. So what I understand their conclusion to be is there's just not anything in their mind prior to the 2003 date that demonstrates your intent to seek benefits for anything that could be arguably re-characterized as PTSD. Correct. But we're not talking about those applications at the time he was making them. We're talking about how the board interpreted it. The interpretation I just gave is the interpretation I think they used, and I think it's the right interpretation, so I'm not sure what's wrong with that. They're also obligated under 1154A. This isn't where the veteran's obligated to present this evidence. The secretary is obligated to give due consideration to all the evidence of record. Yes, to determine whether or not what you intended to apply for benefits for has been established. And the problem is I don't see how there's anything wrong with that legal determination. What's wrong is that they based their decision on an unduly requirement. They're obligated to give due consideration. You can't give due consideration when you've imposed an unduly requirement. All we can go by is what they said, and the only reason they give us is that he didn't have a formal application. No, or informal. He didn't have a claim for a psychiatric disorder prior to March 12, 2003. That's what they said. I don't see how that's a legal error, as long as they've taken into account the notion of informal claims and done so properly according to its legal definition. They can't give due consideration to an unduly requirement. That's an inherent contradiction. And they've let you all in. They've galvanized your jurisdiction. This is how they view this regulation. Now, I've explained the attitude. All they use instead is this application. Now, just in closing, justice is not a burden. Injustice is a burden. It's not a burden to kick this back, vacate remand, and have them deny him properly. If they're so certain that he's not entitled to an early or effective date, let them do it properly. Thank you. Thank you, counsel. Please take another submission.